**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY TYRONE CAMPBELL, | No. 16-16464 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-00918-DAD-BAM |
| v. | |
| JEFFREY BEARD; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted March 8, 2017**

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

California state prisoner Anthony Tyrone Campbell appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging equal

protection violations arising from his housing assignment.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm in part, reverse in part, and remand.

The district court properly dismissed Campbell's claims against defendants Beard, Holland, Zamora, Sandor, Nouwels, and Abernathy because Campbell failed to allege facts sufficient to show that these defendants were personally involved or causally connected to the housing assignment. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (supervisory liability under 42 U.S.C. § 1983 requires a showing that supervisor was personally involved or there is a sufficient causal connection); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation").

However, dismissal of Campbell's equal protection claim against defendant Dickey was premature because the allegation that Dickey assigned Campbell to a cell with a gang-affiliated inmate based on Campbell's race, liberally construed, is "sufficient to warrant ordering [defendant] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *see also Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (plaintiff need only allege that defendant acted at least in part based on a plaintiff's protected status). Accordingly, we reverse and remand for further proceedings on this claim only.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED in part, REVERSED in part, and REMANDED.**